*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*


# MEMORANDUM OPINION

No. 04-12-00161-CR

Andrew Alfonso **YBARRA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2007CR0978
Honorable Melisa Skinner, Judge Presiding

PER CURIAM

Sitting:    Catherine Stone, Chief Justice
            Karen Angelini, Justice
            Marialyn Barnard, Justice

Delivered and Filed:  May 16, 2012

DISMISSED

Pursuant to a plea bargain agreement, appellant Andrew Alfonso Ybarra pled nolo contendere to the offense of indecency with a child by contact.  As part of his plea-bargain, appellant signed a separate "Waiver of Appeal."  The trial court imposed sentence and signed a certificate stating that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2).  After appellant timely filed a notice of appeal, the clerk sent copies of the certification and notice of appeal to this court. *See* TEX. R. APP. P. 25.2(e).  The

clerk's record, which includes the plea bargain agreement and the trial court's rule 25.2(a)(2) certification, has been filed. *See* TEX. R. APP. P. 25.2(d).

The clerk's record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See* TEX. R. APP. P. 25.2(a)(2). After reviewing the clerk's record, the trial court's certification therefore appears to accurately reflect that this is a plea bargain case and Ybarra does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." TEX. R. APP. P. 25.2(d).

On March 27, 2012, we gave appellant notice that the appeal would be dismissed unless written consent to appeal and an amended certification showing appellant has the right to appeal were signed by the trial judge and made part of the appellate record by April 26, 2012. *See* TEX. R. APP. P. 25.2(d); 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (Jul. 2, 2003, pet. ref'd) (not designated for publication). Neither written permission to appeal nor an amended certification showing appellant has the right to appeal has been filed. We therefore dismiss this appeal.

PER CURIAM

DO NOT PUBLISH